[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
BEFORE: THE HONORABLE RICHARD A. DAMIANI
APPEARANCES:
 AMY SEDENSKY, ASSISTANT STATE'S ATTORNEY (For the State of Connecticut)
 DENNIS HARRIGAN, PUBLIC DEFENDER (For the Defendant)
 Amy Fasano Court Monitor
THE COURT: Mr. Grant, how are you?
MR. GRANT: How you doing, Mr. Damiani?
THE COURT: Okay. We have a Part B case on Darrin, right?
MR. HARRIGAN: Yes, Your Honor.
THE COURT: What's the charge on that? CT Page 6704-am
MS. SEDENSKY: It should be two counts of assault on a peace officer, one count of interfering.
THE COURT: What's he pleading to?
MS. SEDENSKY: One count of assault on a peace officer.
THE COURT: Okay. And he has a violation of probation. Can I see that, please? Darrin, how old are you?
MR. GRANT: I'm 33.
THE COURT: And how far have you gone to school?
MR. GRANT: I'm still going to school, Your Honor.
THE COURT: What's the last year you completed?
MR. GRANT: Tenth.
THE COURT: Have you taken any drugs, alcohol, medications today?
MR. GRANT: No. Well, I take medication in the morning, Your Honor.
THE COURT: What's that for?
MR. GRANT: Depression, but I can understand what you're saying, though.
THE COURT: How do you feel right now?
MR. GRANT: I feel good.
THE COURT: Everything — you understand what I'm saying? Do you know where you are?
MR. GRANT: Yeah.
THE COURT: Okay. Darrin, you're charged with the criminal file where you had the two counts of assault on a peace officer and charges of violation of probation, and as I understand it, you have filed two habeas petitions, I believe, involving your sentence where you got probation. Am I right? CT Page 6704-an
MR. GRANT: True —
THE COURT: I'm sorry?
MR. GRANT: True, sir.
THE COURT: Okay.
MR. HARRIGAN; Actually, Your Honor, just so the record is clear, there's one pending, and there's going to be an amended petition that's being filed on that pending a —
MR. GRANT: Yeah.
THE COURT: Only one?
MR. GRANT: Yeah, there's only one.
MR. HARRIGAN: Right. So it's not two habeases. It's one habeas with an amended petition that's about to be filed.
MS. SEDENSKY: I have that docket number.
THE COURT; What is it?
MS. SEDENSKY: It's CV97-570616.
THE COURT: And, Darrin, what's your complaint in the habeas petition?
MR. GRANT: What was my complaint?
THE COURT: Yeah.
MR. GRANT: It was ineffective assistance of counsel.
THE COURT: And that was when you got the seven after three and a half and three years of probation from me. Am E right?
MR. GRANT: Yeah.
THE COURT: Okay. Now, as part of the plea agreement today you're going to be put to plea on one count of interfering with a peace officer. You're going to get time served for the time you've been in jail. Am I CT Page 6704-ao right?
MR. GRANT: Yes, sir,
THE COURT; And you're going to admit the violation of probation.
MR. GRANT: Yes, sir.
THE COURT: And you're going to continue on probation?
MR. GRANT: Yes, sir.
THE COURT: And as I understand it, you're going to withdraw your habeas petition.
MR. GRANT; Yes, sir.
THE COURT: And you know what that means, Darrin. You were placed on probation on August 6 of 1999, and the warrant was signed in October, so, therefore, a you're going to have 34 months to be on probation, okay. The way it works is from the date this warrant was signed, October 20 of 1999 until today, you are not on probation. That period is out. You're only on probation from August until October. Once the warrant is signed, you're not on probation. If you admit today and I continue you on probation, your probation will now restart itself today, and you'll be on probation for 34 months with seven and a half — with three and a half years hanging over your head. Do you understand that?
MR. GRANT: Yes, sir.
THE COURT: Okay. If, in fact, you violate your probation again, and you're arrested for it, you cannot refile the habeas. You can't complain about anything that took place back in 1996. Do you understand that?
MR. GRANT: Yes, sir.
THE COURT: You're going to be stuck. Do you understand that?
MR. GRANT: Yes, sir.
THE COURT; Okay. So if you screw up, Darrin, that's it. Understood?
MR. GRANT: Yes, sir.
THE COURT: Agreed? CT Page 6704-ap
MR. GRANT: Agreed.
THE COURT: And you're doing this of your own free will?
MR. GRANT: Yes, sir.
THE COURT; No one is forcing you, no one is threatening you?
MR. GRANT: No, sir.
THE COURT: Because you can have the habeas if you want. I don't care. You understand that?
MR. GRANT: Yes, sir.
THE COURT: Okay. To the charge of interfering with a peace officer how do you plead?
MR. GRANT: Guilty.
THE COURT: Time served on that. Now you're charged in file —
MR. HARRIGAN: Your Honor, I think it was supposed to be assault.
THE COURT: You said interfering.
MS. SEDENSKY: No, I said assault, one count,
THE COURT: Okay. So vacate the plea. On the charge of assault on a peace officer how do you plead, Darrin?
MR. GRANT; Guilty.
THE COURT: Time served.
THE COURT: Now you're charged in file ending 245583 of violation of probation. Do you admit or deny?
MR. GRANT; Admit.
THE COURT: Okay. And do you know why they violated your probation?
MR. GRANT: Yes, Your Honor. CT Page 6704-aq
THE COURT: Why?
MR. GRANT; Failure to report and getting arrested and keeping them informed of my whereabouts.
THE COURT: And that's true, am I right?
MR. GRANT; Yes, Your Honor.
THE COURT: And you owe three and a half years, right?
MR. GRANT; Yes, Your Honor.
THE COURT: And by making the admission, giving up your right to a hearing before a judge and your right against self-incrimination. Am I right?
MR. GRANT: Yes, Your Honor.
THE COURT: And no one forced you or threatened you to make this admission. Am I right?
MR. GRANT: Yes, Your Honor.
THE COURT: And again, you're going to be on probation for 34 months. You're going to have three and a half years hanging over your head, and the conditions you had, they're just standard conditions, There's no special conditions, I don't think
MS. SEDENSKY: There were two, Your Honor, if could just have a moment.
THE COURT: The two conditions he allegedly violated in the arrest warrant are you can't violate any laws of the state of Connecticut and keep probation informed as to his whereabouts. Am I right?
MS. SEDENSKY: Yes, Your Honor, but he had signed conditions of probation that also included maintain gainful employment and substance abuse evaluation and treatment if recommended.
THE COURT; Do you understand that, Darrin?
MR. GRANT: Yes, Your Honor.
THE COURT: You've got to get a job. CT Page 6704-ar
MR. GRANT: Yes, Your Honor.
THE COURT; And you've got to go through drug treatment, if necessary. Do you understand that?
MR. GRANT: Yes, Your Honor.
THE COURT: And you've still got to keep them informed as to your whereabouts and report as directed. Do you understand that?
MR. GRANT: Yes, Your Honor.
THE COURT: Any questions you have about what's happening today?
MR. GRANT: Yeah, I want to ask you a question, Your Honor.
THE COURT: Go ahead.
MR. GRANT: As far as with the drug treatment situation, I don't recall — I don't remember if I signed —
THE COURT; Show him that piece of paper.
MR. GRANT: I remember me signing at Walker Reception Center in `96 my conditions of my probation.
THE COURT: You had to sign it. Show It to him.
MR. GRANT: But I don't recall no special conditions, though.
THE COURT: Is that your signature, Darrin?
MS. SEDENSKY: Actually, Your Honor, the copy of the conditions — the order of probation has the two conditions on it, but the conditions that he signed do not.
MR. HARRIGAN: The conditions he signed doesn't.
THE COURT: Okay. Let me just tell you this, Darrin. You're on probation for 34 months. Just so it's clear, probation can on their own —
MR. GRANT: Yes, Your Honor.
THE COURT: — if they feel you need drug treatment can order you CT Page 6704-as to go for drug treatment.
MR. GRANT; Okay.
THE COURT: They can on their own tell you to get a job. You don't have to come back to court. Anything that I could have done today in imposing conditions, they can do that if they feel it's necessary. Do you understand that?
MR. GRANT: Yes, sir.
THE COURT: So I would suggest — so the sentence is reopened and revoked, continued on probation for the 34 months. As part of this agreement, you're going to withdraw the petition for the habeas.
MR. GRANT: Yes, Your Honor.
THE COURT: Again, you can't refile it, can't complain about this down the road. This is it. Right?
MR. GRANT: Right.
THE COURT: And then I would suggest tomorrow call probation and tell them you're back.
MR. GRANT: Okay.
MR. HARRIGAN: Should he go downstairs to the basement today, Your Honor?
THE COURT: He can check in room 105 before he leaves. They'll probably tell you to call Scovill Street tomorrow, though.
THE CLERK: Your Honor —
THE COURT; What?
THE CLERK: So you are ordering those conditions of probation?
THE COURT; No, I'm not. If there's nothing signed there, I'm not. He's on probation. What I'm telling Mr. Grant today is if probation feels special conditions are necessary, drug evaluation and treatment, whatever, they can do it on their own. They don't need me. And if they tell you, you've got to do it. Okay. And, please, if I'm still in CT Page 6704-at Waterbury and. they violate you, don't start saying that you should never have admitted the violation today, unless you don't want to admit it. Do you want to still admit it?
MR. GRANT: Yes, Your Honor.
THE COURT: You're all set, Darrin. Okay. You let him out downstairs.
 CERTIFICATION
This is to certify that I, Linda D. Rinaldi, court recording monitor in and for the State of Connecticut, certify that the foregoing is a true and accurate transcript of the electronic recordings taken with reference to the above-entitled matter, heard before the Honorable Richard A. Damiani, Judge, at the Waterbury Superior Court, Judicial District of Waterbury on May 31, 2000.
Dated at Waterbury, Connecticut this twelfth day of September, 2000.
 Linda D. Rinaldi Court Monitor